**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **MARLON J. HARRIS,** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| **v.** ) | **Civil Action No. 11-0891 (ESH)** |
| ) | |
| **WASHINGTON METROPOLITAN AREA** ) | |
| **TRANSIT AUTHORITY,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM OPINION

Upon consideration of defendant's motion for summary judgment (Def.'s Mot. for Summ. J., July 6, 2011 [dkt. #6], plaintiff's statement of material facts (Pl.'s Statement, August 9, 2011 [dkt. #7]) and defendant's reply (Def.'s Reply, Aug. 11, 2011 [dkt. #8]), defendant's motion will be granted. Nothing in plaintiff's reply raises a material issue of fact to undercut the fact that the grievance procedures of the collective bargaining agreement between WMATA and the union provide plaintiff's exclusive remedy under Section 66 of the WMATA compact, *see Sanders v. WMATA*, 819 F.2d 1151, 1156-57 (D.C. Cir. 1987); *Office & Prof. Empl. Int'l Union v. WMATA*, 724 F.2d 133, 137 (D.C. Cir. 1983), and this is not in any way affected by the issue of whether plaintiff signed or received the March 3, 2010 "last chance" settlement agreement under which he was reinstated from his initial termination.

Accordingly, defendants' motion will be granted and the case dismissed with prejudice.

/s/
ELLEN SEGAL HUVELLE
Date: September 9, 2011          United States District Judge